OPINION
{¶ 1} Defendant-appellant, Patrick Ferguson, appeals his conviction in Hamilton Municipal Court for driving under the influence ("DUI"). We affirm the conviction.
 {¶ 2} Appellant was charged with DUI following a single-car accident on the street outside of his residence in July 2003.[1] Appellant was found guilty in a trial to the bench. Appellant filed this appeal, setting forth two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred to the prejudice of the defendant/appellant on overruling appellant's motion for dismissal pursuant to CR. [sic] R. 29, when the evidence was insufficient to support a conviction[.]"
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "The trial court erred to the prejudice of the defendant/appellant in entering a verdict of guilty to the offense of driving under the influence of alcohol as the verdict is not supported by the manifest weight of the evidence."
 {¶ 7} Appellant argues in his first assignment of error that the state failed to prove that he was operating a vehicle under the influence of alcohol.
 {¶ 8} Pursuant to Crim.R. 29, a trial court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Williams,74 Ohio St.3d 569, 576, 1996-Ohio-91.
 {¶ 9} R.C. 4511.19(A)(1), states, in part, that no person shall operate any vehicle, if, at the time of the operation, he is under the influence of alcohol, a drug of abuse, or a combination of thereof.
 {¶ 10} Appellant's neighbor testified that she heard a crash outside that shook her entire house. The neighbor went outside and saw a vehicle situated "head on" into a telephone pole that was split in half. The neighbor recognized appellant, who was sitting in the driver's seat of the vehicle.
 {¶ 11} The neighbor went inside to place a phone call to police. Returning outside, the neighbor observed appellant's wife at the driver's side of the vehicle assisting appellant out of the vehicle and helping him into appellant's house. The neighbor estimated that emergency personnel arrived five to seven minutes after she called 911.
 {¶ 12} The arresting officer testified that the vehicle was unoccupied when she arrived at the scene, but the vehicle's registration led her to appellant's house. Police observed appellant lying on the couch inside his home, complaining of pain. The officer testified that she noticed a heavy odor of alcohol about appellant. The officer observed that appellant had onion peels on his chest and around his body. The officer stated that appellant also smelled as if he had eaten an onion. The officer indicated that appellant's speech was slurred "quite a bit," and that his eyes were bloodshot.
 {¶ 13} Appellant admitted driving the vehicle and told police that the accident occurred when he pressed the gas pedal too hard. The life squad transported appellant to the hospital. The arresting officer, after observing appellant at the hospital, left the hospital to locate a kit to test appellant's alcohol level. Appellant left the hospital before the officer returned with the kit.
 {¶ 14} The officer testified that she observed the slurred speech and odor of alcohol at the hospital and again at appellant's house, where he had returned after leaving the hospital. Appellant told the officer that he left the hospital because he was "fine" and did not need medical attention.
 {¶ 15} We are cognizant that this case involves a factual situation wherein the police officers did not observe the manner in which appellant was driving. However, the officers were on the scene of the accident within minutes after the accident occurred. Further, the officer observed appellant to have a heavy odor of alcohol, bloodshot eyes, and slurred speech within minutes of appellant crashing into the pole.
 {¶ 16} Reviewing the evidence in a light most favorably for the state, any rational trier of fact could have found the essential elements of the offense of DUI beyond a reasonable doubt. State v. Jenks,61 Ohio St.3d 259, paragraph two of syllabus; cf. City of Oregon v.Szakovits (1972), 32 Ohio St.2d 271, 273 (chronology important element in drunken driving cases where relationship must be established between time there was evidence to show influence of intoxicants and time of operating a vehicle); see, also, State v. Zimmerman, Montgomery App. No. 19528, 2003-Ohio-1551, at ¶ 27. Appellant's first assignment of error is overruled.
 {¶ 17} Appellant argues under his second assignment of error that the conviction was against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 18} We previously outlined the evidence presented by the state in its case-in-chief. During cross examination of the state's witnesses, appellant stressed that the observations of the indicia of alcohol could be explained by the fact that appellant was involved in an accident, and that any alcohol use could have occurred hours before the accident and did not influence appellant's driving.
 {¶ 19} The trier of fact was well within its authority to draw inferences that appellant was driving under the influence of alcohol when he crashed into the telephone pole with such force to split it in half and exhibited indicia of drinking alcohol within minutes of the accident. Further, reasonable inferences could be drawn of driving under the influence when appellant left the scene of the accident, when appellant had to be assisted by his wife from the crashed vehicle, and when appellant left the hospital disclaiming injuries after complaining of pain when officers first arrived at his house.
 {¶ 20} The trier of fact could also draw a reasonable inference that appellant was attempting to mask the evidence by wearing onion peels immediately after he left the scene of the accident. See City of Lakewoodv. Haffey (Oct. 12, 1995), Cuyahoga App. No. 68107, appeal not allowed, in 75 Ohio St.3d 1405 (reasonable inference that driver eating pizza while not responding to request to roll down window was attempt to mask the smell of alcohol on his breath with "the pungent odor of fresh pizza").
 {¶ 21} Accordingly, after reviewing the record, we find that the trier of fact did not lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] Appellant was also charged and convicted of a reasonable control traffic violation, but that charge is not the subject of this appeal.